## Martin v. The State.

The same rule, as to the averment and proof of owenership of the property, is applicable in an indictment for harboring a slave, as in the case of larceny.

McGlenn and Glenn are not the same name, and there is no evidence that the owner was known as well by one name as by the other, or that the person spoken of by the witness was the same person named in the indictment.

The defendant cannot be indicted for harboring the negro of one person, and convicted thereon, by evidence that he had harbored the negro of another person; and the objection can be raised for the first time on appeal, there having been a motion for a new trial on the ground that the verdict was contrary to the evidence.

Where the indictment for harboring a slave laid the property in one McGlenn, and the defendant being convicted, the judgment was reversed at Galveston, on the ground that the statement of facts showed that the slave belonged to one Glenn, and the Attorney General filed a motion at Tyler to set aside the reversal and order a more perfect transcript, on the ground that the variance was a mistake of the Clerk in making up the transcript; the motion was refused, on the ground that there had been no suggestion of a diminution of the record, or application to have it perfected by certiorari, in time.

Martin v. The State.

Appeal from Walker. Tried before the Hon. Peter W. Gray.

The name was plainly written Mr. Glenn twice, and Glenn three times, in the statement of facts, and not McGlenn once. At Tyler, the Attorney General, being informed that the variance was caused by a mistake of the Clerk in making out the transcript, moved the Court to set aside the judgment of reversal, and order a more perfect transcript.

*W. A. Leigh*, for appellant.

*Attorneg General*, for appellee. No instance can be found where this sort of variance was held fatal, when excepted to after verdict, much less on error; and even then not expressly assigned.

WHEELER, J. The appellant was convicted upon an indictment charging him with harboring and concealing a negro, alleged to be the property of William McGlenn. The proof related to the harboring of a negro of a Mr. Glenn, or of "Glenn." The question is whether the evidence warranted the conviction of the defendant upon the charge preferred in the indictment.

The same rule, as to the averment and proof of ownership of the property, is applicable in this case as in the case of larceny. In this, as in that case, the ownership enters into and constitutes an essential element in the definition of the offence. (Hart. Dig. Art. 460.) And the rule, as to the averment and proof of ownership, is, that the property must be averred to be in the right owner, if known, or in some person or persons unknown. "If the owner be misnamed; if the name thus stated be not either his real name or the name by which he is usually known, or if it appear that the owner of the goods is another and a different person from the person named as such in the indictment, the variance will be fatal, and the defendant must be acquitted." (Wharton, Am. C. L., 567.) McGlenn and Glenn are not the same name, and there is no evidence that

Martin v. The State.

the alleged owner was known as well by the one name as the other, or that the person spoken of by the witnesses was the same person named in the indictment. It is insisted by the Attorney General that the objection should have been taken at the trial, and can not now be entertained ; and in a civil case the argument would be entitled to much weight. But to warrant a judgment of ·condemnation upon a criminal charge, where the punishment is fine and imprisonment, it is incumbent on the State to make out, by proof, the identical offence charged, complete in .every particular. The defendant cannot be indicted for harboring the negro of one person and convicted thereon of having harbored the negro of another person. To warrant a conviction the proof must correspond with the charge. A new trial was asked on the ground that the verdict was contrary to the evidence ; and though the motion did not specify in what particular the evidence was insufficient, in a case like the present it must be held to embrace the objection of the want of conformity, in the evidence, to the charge preferred in the indictment. We are of opinion, therefore, that the judgment be reversed and the cause remanded for a new trial.*

Reversed and remanded.

NOTE FOR THE REPORTER.

You will see, by the motion of the Attorney General, that it was brought to the attention of the Court at Tyler, by a transcript of the record corrected, that the misnomer of the person, the owner of the negro, was a clerical mistake.— The Court, however, refused to reconsider the case, there having been no suggestion of a diminution of the record, or application to have it corrected, by certiorari, in time     W.